**Frank Patrick RONGITSCH,**
**Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 49310.**

Supreme Court of Minnesota.

Aug. 24, 1979.

C. Paul Jones, Public Defender, and J. Christopher Cuneo, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and Jane Prohaska, Asst. Atty. Gen., William B. Randall, County Atty., St. Paul, for respondent.

Heard before PETERSON, TODD, and WAHL, JJ., and considered and decided by the court en banc.

TODD, Justice.

During appellant's parole from the Youth Conservation Commission (YCC), he committed a robbery and subsequently surrendered himself. He was again committed to the YCC. After appellant reached the age of 21, he was transferred from youthful offender status to adult status. Several years later, he petitioned for postconviction relief, challenging his transfer from youthful offender status to adult status. The district court concluded that the Postconviction Remedy Act did not allow review of such a transfer decision, and, alternatively, that the transfer was lawful. We affirm in part and reverse in part.

In 1969, appellant was committed to the Youth Conservation Commission (YCC) after a conviction for the crime of burglary. He was 18 years old at the time. The YCC confined appellant at the State Reformatory for Men at St. Cloud, Minnesota.

On August 30, 1971, petitioner was released on parole from the reformatory. Several months later, appellant surrendered himself to St. Paul police in connection with a robbery. On February 28, 1972, appellant entered a plea of guilty to robbery. Because appellant was under 21 years of age at the time of the robbery, he was again committed to the custody of the YCC at the reformatory.

After appellant reached the age of 21, two members of the YCC met and took action to transfer control of appellant from youthful offender status to adult status pursuant to Minn.St.1971, § 242.265, repealed by L.1973, c. 654, § 14. The same day, a different member of the YCC issued an order transferring control of petitioner to the Adult Corrections Commission (ACC).

Years later, in February 1978, appellant petitioned the district court for postconviction relief. Appellant challenges the legality of his transfer from the YCC to the ACC. He ultimately seeks discharge.[1] Pursuant to stipulation, the proceeding was stayed

pending a full hearing before the Minnesota Corrections Board to review the transfer order. At the hearing, the board ruled that it had no authority to determine the propriety of the transfer.

Appellant was paroled in early May 1978. On May 10, 1978, petitioner violated the conditions of parole by leaving a treatment facility. The record shows that appellant is still a fugitive.

On May 19, 1978, the district court conducted a postconviction hearing. Pursuant thereto, the court concluded that it had no jurisdiction under the Minnesota Postconviction Remedy Act to review the validity of the transfer from the YCC to the ACC, and, in the alternative, the transfer was lawful and valid. This appeal followed.

The issues presented on appeal are:

(1) Does the Minnesota Postconviction Remedy Act encompass challenges concerning a YCC decision to transfer a person from youthful offender status to adult status?

(2) Was appellant's transfer from youthful offender status to adult status invalid?

1. Appellant argues that the administrative decision of the YCC to transfer him from youthful offender status to adult status is reviewable under the Postconviction Remedy Act. The state argues that the act applies only to the review of decisions made by a court during the original conviction, sentencing, and disposition proceedings.

This issue was considered in a companion case, *Vezina v. State,* 289 N.W.3d 408 (Minn.1979), filed herewith. In that case, we held that the Postconviction Remedy Act does not apply to allow judicial review of transfers from youthful offender status to adult status. We relied on our recent decision in *Kelsey v. State,* 283 N.W.2d 892 (Minn.1979). In *Kelsey,* we held that habeas corpus, rather than the Postconviction Remedy Act, was the proper procedural means for obtaining judicial review of a

---

1. Under the Youth Conservation Act, a person under the custody of the Youth Conservation Commission who attains the age of 25 is automatically discharged unless it is determined

that he is dangerous to the public. Minn.St. 1976, § 242.27 (repealed by L.1977, c. 392, § 14). See, also, note 2, *infra.*

decision by the corrections authority concerning parole.

█ Thus, the district court properly concluded that the Postconviction Remedy Act does not apply. In accordance with *Vezina*, we hold that the Postconviction Remedy Act does not provide the proper procedure for challenging a transfer from youthful offender status to adult status. However, as in *Vezina*, we will in our discretion, and in the interests of justice, review the merits of the transfer in this case. See, Rule 105, Rules of Civil Appellate Procedure. See, also, Rule 29.02, subd. 3, Rules of Criminal Procedure.

2. Appellant claims that his transfer from youthful offender status to adult status was unlawful because it contravened the applicable statute authorizing the transfer.

At the time appellant was transferred, Minn.St.1971, § 242.265, repealed by L.1973, c. 654, § 14, provided for transfer in the event the person commits a felony while on parole from the YCC.[2] The statute provided in part:

"The commission may transfer to the adult corrections commission control over any person committed to its control who has attained the age of 21 years and who * * * is convicted of a felony committed * * * while on parole * * *."

The ambiguity is whether (1) the felony must have been committed at a time when the person was at least 21, or whether (2) the transfer cannot occur until the person has attained the age of 21, without regard to the person's age at the time of the felony. Appellant argues the age requirement applies to the time of the felony, whereas the state argues the age requirement applies to the time of transfer.

There are no Minnesota cases directly on point. This court did observe, however, in *DeGidio v. State*, 294 Minn. 521, 523, 200 N.W.2d 898, 900 (1972), that " * * *

§ 242.265 of the act empowers the YCC to transfer control to the ACC of any person who has attained the age 21 and who *thereafter* is convicted of a felony committed while on probation or parole * * *." (Italics supplied.) Although the language was not a holding of the case, it supports the conclusion that appellant was not legally transferred because he was under 21 at the time he committed the felony while on parole from the YCC.

We are also convinced that the transfer provisions of § 242.265 were enacted because of a dual jurisdiction problem which could arise when the YCC had control over a youthful offender who was at least 21 years of age and who committed a crime while on probation or parole from the YCC. For example, a youthful offender on parole from the YCC who is 22 and commits a felony while on parole could conceivably be subject to the jurisdiction of both the YCC, as a parolee, and the ACC, as a convicted adult felon. The transfer provision was intended to resolve this problem by allowing a transfer from the YCC to the ACC. It was not intended to allow the transfer of persons under 21 who commit a felony while on parole from the YCC, as such would contravene the responsibility of the YCC to rehabilitate and educate youthful offenders rather than impose retributive punishment methods. See, Minn.St.1976, § 242.01.

█ Contrary to the conclusion of the district court, we conclude that the transfer statute does not authorize a transfer if the youthful offender was under 21 at the time he committed the felony while on parole from the YCC. Thus, appellant was illegally transferred, and he cannot be subjected to confinement on the basis of the robbery committed in 1971 while on parole from the YCC unless he is determined to be dangerous to the public under Minn.St. 242.27. Confinement on the basis of other offenses, of course, is not affected by our decision.

2. The YCC was abolished in 1973 along with its counterpart for adult offenders, the ACC. The duties of each were assigned to the Minnesota Corrections Board (MCB). See, L.1973, c. 654. In 1977, the legislature repealed the remaining provisions of the former Youth Conservation Act, which set forth the procedure for discharging youthful offenders or transferring them to adult status on their twenty-fifth birthdays. See, L.1977, c. 392 § 14.

Having concluded that the transfer was unlawful, we need not consider appellant's remaining arguments that quorum requirements of the transferring authority were not satisfied and that the transfer provision is an unlawful delegation of power.

Affirmed in part; reversed in part.

WAHL, Justice (concurring in part, dissenting in part).

I agree with the majority's interpretation of Minn.St.1971, § 242.265, but for reasons stated in my dissent in *Vezina v. State of Minnesota,* 289 N.W.2d 408 (Minn.1979), filed herewith, I would hold that the Postconviction Remedy Act does encompass challenges concerning the decision of the Youth Conservation Commission to transfer a person from youthful offender status to adult status.